# United States Court of Appeals
## For the First Circuit

No. 04-2714

ZHI-MING HUANG,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,

Cyr and Stahl, Senior Circuit Judges.

Wei Jia, and Law Office of Wei Jia, on brief for petitioner.
Robert Clark Corrente, United States Attorney, and Michael P. Iannotti, Assistant United States Attorney, on brief for respondent.

February 15, 2006

**CYR, <u>Senior Circuit Judge</u>**.  Zhi-Ming Huang, a native and citizen of the People's Republic of China ("China"), arrived in the United States in 1992, seeking political asylum based on allegations that (i) he and his wife had violated China's "one-child-per-family" birth control policy, (ii) the Chinese government had fined them for these allegations and forced his wife to wear an intra-uterine contraceptive device, and (iii) he would be punished in the event he were to be repatriated to China.  An immigration judge ("IJ") rejected the asylum petition after Huang failed to appear at the scheduled deportation hearing.

In 2002, after the statutory definition of the term "refugee" was amended, <u>see</u> 8 U.S.C. § 1101(a)(42) (addressing asylum from "coercive population control program[s]"), Huang was permitted to reopen the deportation hearing and amend his asylum application.  Huang then alleged, for the first time, that his wife had undergone a forced sterilization following the birth of a second child, in 1990, and that he later fled China following a violent confrontation with a government official.  Following a hearing before an IJ, the amended petition was denied due to several important inconsistencies between the statements Huang made in 1992 and those he made in 2002; particularly, his failure to allege in 1992 that his wife had been forcibly sterilized.  The IJ concluded that Huang had failed to establish past persecution.  <u>See</u> <u>INS</u> v. <u>Cardoza-Fonseca</u>, 480 U.S. 421, 428 (1987).  Huang then

appealed to the Board of Immigration Appeals ("BIA"), which affirmed without opinion. He now petitions for review.

An applicant for political asylum must establish eligibility, see 8 C.F.R. § 208.13(a), by either (i) demonstrating a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, see id. § 208.13(b)(2), or (ii) establishing a rebuttable presumption that he harbors a well-founded fear of persecution, by demonstrating past persecution based upon any one of the five statutory grounds, see id. § 208.13(b)(1). See Mihaylov v. Ashcroft, 379 F.3d 15, 21 (1st Cir. 2004); 8 U.S.C. § 1101(a)(42) (defining persecution under a "coercive population control program" as persecution based upon "political opinion").

Huang first argues that the IJ either failed to provide an explicit determination that the testimony Huang gave was not credible, or, assuming that such a finding was implicitly made, it is unsupported by "substantial evidence" in the record. Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005). On the contrary, the IJ explicitly stated: "I find that the applicant's testimony is inconsistent and contradictory concerning just exactly what happened in China," then went on to point out Huang's failure to mention his wife's forced sterilization until 2002, when he renewed his asylum application. The IJ rationally rejected Huang's suggestion that this significant omission was a mere "oversight."

See Bojorques-Villanueva v. INS, 194 F.3d 14, 16 (1st Cir. 1999) (noting the efficacy of adverse credibility determinations based upon discrepancies which "involved the heart of the asylum claim").[1]  Although Huang now contends that in 1992 the airport worker and other immigration employees misunderstood or mis-transcribed his account, the IJ was not compelled to accept that unsupported supposition, particularly in light of the sheer number of other discrepancies.  See Mihaylov, 379 F.3d at 21 (noting that IJ's credibility determinations are entitled to utmost deference unless record compels contrary finding).

Finally, Huang asserts that the IJ erred in excluding the supporting documentation by which he sought to establish that his wife did undergo a forced sterilization.[2]  This issue has been waived due to failure to appeal it to the BIA.  See Opere v. INS, 267 F.3d 1, 14 (1st Cir. 2001).

---

[1]A lack of credibility on the part of Huang is further evidenced by a series of additional discrepancies, including divergent statements regarding his occupation, the amount of the fine imposed for violating the one-child policy, whether it was before or after the birth of Huang's second child in 1990 that the government compelled his wife to use an IUD, and which countries he passed through en route to the United States.

[2]For example, Huang introduced a photograph of his wife's surgical scar, the report of a New York physician attesting that x-rays were consistent with the scarring that would result from forced sterilization, and hospital records from China showing that she underwent the sterilization procedure.  However, the IJ refused to review the documents due to lack of proper authentication.  See 8 C.F.R. § 287.6.

After considering all issues presented in the petition, we affirm the BIA decision.

**<u>The petition for review is denied</u>**.